ANTOINE B. DAUTERIVE and another *v.* DRAUZIN BROUSSARD and others.

A stake-holder who pays over the amount bet on a horse-race, without the sanction of a majority of the judges of the race, will be responsible to the winner.

APPEAL by the plaintiffs from the District Court of St. Martin, *Boyce,* J.

GARLAND J. This suit is brought to recover the sum of $400, which the plaintiffs and A. and B. Roméro bet on a horse-race, and staked in the hands of Broussard, who was one of the judges The plaintiffs contended that they won the race, and that Broussard improperly delivered the money to A. and B. Roméro.

The facts are these :—The parties agreed to run a race. The

paths were straight and parallel to each other, some twelve or fifteen feet apart, with grass and weeds between.    Miner, a witness, testifies, that it was agreed " that if either horse left his track, and interfered with the other horse, he should lose the race." A. and B. Roméro aver that the agreement was, if either horse left his track, he should lose the race ; but no witness swears to this fact. It appears, that both horses left their respective tracks.    That of the plaintiffs' first left his path and run upon the space between the paths, but before he got very near to the path of the other, the latter, also broke on the outside, and so continued to the end of the race.    Some of the witnesses say, that the plaintiffs' horse came out on the space between the paths.    Others say, that he was in the path of the Roméros' horse ; and one, who furnishes a diagram to explain his testimony, says, that neither horse was in the paths, but that they came out between the judges.    The horse of A. and B. Roméro, it appears, had about twelve feet advantage at the start, and the plaintiffs' came out from seven to ten feet ahead. Each party had two judges.    Broussard was selected by the Roméros, and he and. his colleague decided, that they had won the race, the other two judges not concurring, and declining to give an opinion ; whereupon he (Broussard,) gave up the money, contrary to the will of the plaintiffs.    The evidence does not satisfy us that the plaintiffs' horse by leaving his track, in any manner interfered with the other.    It is not shown that it caused the latter to leave his track, or that it impeded his speed, or otherwise affected his running.    The weight of testimony is in favor of the plaintiffs' horse being ahead, when that of the Roméros left his path.

The agreement is not shown to have been that the horse which should first quit his track, should lose the race, but that the one so doing, and interfering with the other, should lose.    No interference is proved ; and as it is not denied that the plaintiffs' horse was behind at the starting point, and ahead at the termination of the course, we think the Judge below erred in giving a judgment for the defendants.

The defendant, Broussard, contends that he was a stake-holder, and that having paid over the money, in obedience to the decision of the judges, he is not responsible to the plaintiffs.    If it were

true, that the money had been paid in obedience to the decision of all, or of a majority of the judges, this defence would avail; but that is not shown. On the contrary, it appears that the two judges selected by the Roméros only were of opinion that they had won, and Broussard was one of them. It further appears, that he said to a witness, that he held himself responsible if there should be any difficulty about the matter.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled, and that the plaintiffs, Dauterive and Carlin, recover of Antoine Roméro and Balthasar Roméro, as joint obligors, the sum of four hundred dollars, with legal interest from judicial demand, to wit, from the 18th day of the month of October, in the year 1842; but in case the aforesaid sum and interest cannot be collected from the said Roméros, it is further ordered and decreed, that the plaintiffs have judgment against Drauzin Broussard, for the said sum of four hundred dollars, with legal interest from the aforesaid date. The defendants to pay the costs in both courts.

*Magill*, for the appellants.

*Voorhies*, for the defendants.